JEAN JUNEK, Testamentary Executrix, *v.* L. F. HEZEAU.

A judgment was rendered by the Supreme Court, wherein it was ordered " that the heirs of *Jean Junek* be recognized as entitled to one-half interest in the partnership established between their late father and *L. F. Hezeau;* that it be decreed that said partnership has continued since the death of their father, and still exists between the said *Hezeau* and the said heirs of *Junek*, and that said heirs are entitled, through their tutrix, to exercise all their rights, incident to their capacity as partners, for the protection and management of their interest in said partnership," &c. The mandate of this court having been filed in the court *a quo*, plaintiff obtained a writ of possession, by which the Sheriff was ordered to put her in possession of the premises, without reserve or exception, together with superintendence, &c., of the same. The defendant obtained a rule on plaintiff, to show cause why said writ should not be set aside. *Held:* Where a matter of defence is set up against the execution of a writ regularly issued, it is, perhaps, irregular to proceed by rule, but where the issue has reference to the regularity of the writ itself, the proceeding, being a mere incident to the judgment, may be disposed of summarily.

The judgment of this court did not decree that plaintiff was entitled to the exclusive possession of the entire establishment appertaining to the partnership, nor that she should divest defendant of his possession nor (so far as the partnership articles allowed it) his control over the business for which the partnership was established. Judgment affirmed, making the rule absolute.

APPEAL from the Second District Court of New Orleans, *Morgan*, J. *Tissot* and *Filleul*, for plaintiff and appellant. *Eyma* and *Whitaker*, for defendant.

LEA, J. This case, as presented, involves the construction of a former judgment of this court, rendered upon the issue presented by the same parties in the litigation of which this proceeding is an incident. On the 28th of April, 1856, this court affirmed a judgment rendered by the Second District Court of New Orleans, which is in the following words, viz: "It is ordered that the heirs of *Jean Junek*, viz: *Jean Junek, Joseph Andre Junek* and *Antoine Junek*, be

and the same are hereby recognized as entitled to one-half interest in the partnership established between their late father, *Jean Junek*, and *L. F. Hezeau*, on the 8th May, 1844. That in accordance with the prayer of the petition it be decreed that said partnership has continued since the death of their father, and still exists between the said *Hezeau* and the said heirs of *Junek*, and that said heirs are entitled, through their tutrix until they become of age, and and after that individually, to exercise all the rights incident to their capacity as partners, for the protection and management of their interest in said partnership. It is further ordered, that the defendant *Louis François Hezeau*, do file in court, on or before the first day of December, 1854, a full and complete account of his receipts and disbursements, as manager and administrator of the cemetery of St. Vincent de Paul, and of his acts and doings as the surviving partner of the partnership of *Junek & Hezeau*, established on the 8th May, 1844. It is further ordered, that the defendant *Hezeau* do pay the costs of this suit, and that the reconventional demand made by the defendant be rejected."

The mandate of this court having been registered in the District Court, the plaintiff applied for and obtained a writ of possession, in virtue of which the Sheriff was ordered to put her in possession of the premises, without any reserve or exception, together with the superintendence, administration, &c., of said cemetery, with all the utensils, articles and instruments necessary for the carrying on the business of said cemetery, &c. On the 9th May a rule was taken on behalf of the defendant upon the plaintiff to show cause why the writ should not be set aside, on several grounds, only one of which it is necessary to examine, to wit: that the judgment rendered did not entitle the plaintiff to such a writ as was issued, and under which the Sheriff was proceeding to act. Exceptions were taken to this rule, on the ground that the plaintiff could not be held to answer to a proceeding by rule for the purpose of setting aside a writ of possession, and that the rule presented issues which had been determined by the final decree of the Supreme Court.

Where a matter of defence is set up against the execution of a writ regularly issued, it is, perhaps, irregular to proceed by rule; but where the issue has reference only to the regularity of the writ itself, as not being authorized by the judgment, the proceeding is a mere incident to the judgment, and may be examined and disposed of summarily. In this case the question was whether the judgment authorized a writ of possession.

It was competent, we think, for the Judge to entertain this inquiry as relating to one of the incidents of the judgment which it was his duty to see properly enforced.

Upon the merits, we find no error in the decree of the District Judge making the rule absolute. The judgment did not decree that the plaintiff was entitled to the exclusive possession of the entire establishment appertaining to the cemetery ; it was not the intention of the court that she should divest the defendant of his possession and (so far as the partnership articles allowed it) of his control over the business for which the partnership was established. The decree recognized the right of the heirs of *Junek* to an interest in the partnership, and ordered that an account should be filed by *Hezeau* based upon this recognized right. The decree also recognized the right of the plaintiff in her representative capacity, to exercise all the rights incident to the capacity of her pupils, *as partners*, for the protection and management of their interest in said partnership. The manner in which these rights were to be exercised

were not passed upon by the decree, but were left to be carried out by the District Judge according to the necessity of the case, in conformity with the spirit and meaning of the contract, as interpreted by the final decree of the Supreme Court. We think the District Judge did not err in making the rule absolute.

Judgment affirmed.